Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CATHERINE PERLIS, Respondent, for Compensation under the Workmen's Compensation Law, v. ARTHUR LEDERER, Employer, Appellant.

Third Department, November 21, 1919.

**Workmen's Compensation Law — contract made in this State for employment in foreign State — when employee not entitled to award under our statute.**

A contract made within the State for services to be performed wholly in a sister State is without the police power of this State and does not give a right to compensation under our Workmen's Compensation Law.

Where a claimant made a contract for employment as a waitress in a hotel in Pennsylvania through an employment office in the city of New York and was injured in the other State in the laundry connected with the hotel, she is not entitled to an award under the Workmen's Compensation Law.

APPEAL by the defendant, Arthur Lederer, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 11th day of March, 1919, and also from an award of said Commission entered in the office of said Commission on or about the 21st day of December, 1918.

*Bullowa & Bullowa [Lawrence E. Brown* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant entered into a contract of employment with the defendant through an agent at an employment office in the city of New York, the services to be performed at Forest Park, Penn. She was to perform the duties of a waitress at a summer hotel at the place mentioned, and no other services were contemplated or contracted for. She was injured in a laundry connected with the hotel, and the State Industrial Commission, on the supposed authority of *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544), has made an award for such injuries. In that case the hazardous business was

conducted in the State of New York, and the employee was injured while temporarily employed away from the plant of the employer in New Jersey, but it was not held that the mere fact that the contract was made in New York was the controlling factor. It was based upon the proposition that the hazardous employment carried on by the employer was within the State of New York, the employment within the State of New Jersey away from the plant of the employer being merely incidental. The recent case of *Matter of Smith* v. *Heine Boiler Company* (224 N. Y. 9) puts the matter clearly, and there is no doubt that a contract made within the State of New York for services to be performed wholly in a sister State is without the police power of the State of New York, and does not give a right to compensation under our Workmen's Compensation Law.

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.