Before State Industrial Commission, Respondent.

In the Matter of the Claim of Matilda McBride, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, William McBride, *v.* Standard Oil Company of New York, Employer and Self-Insurer, Appellant.

Third Department, May 4, 1921.

**Workmen's Compensation Law — admiralty and maritime contracts — chauffeur injured while loading truck from barge not engaged in work of maritime nature.**

A chauffeur driving a motor truck for his employer, an oil company, was not engaged in work of a maritime nature, where it appeared that after he had loaded his truck from a barge lying at a dock in New York city he stood on the side of the barge for the purpose of making his load safe; that the brake on the truck was released, and that the truck ran back catching the chauffeur's leg between the tail of the truck and the side of the barge inflicting the injury that ultimately caused his death.

If this were a tort case the initial wrong, if there was a wrong, consisted in releasing the brake on the truck and no tort or wrongful act was committed on the barge, and the fact that the decedent was standing on the side of the barge while securing his load was merely an incident and insufficient to confer jurisdiction on a court of admiralty.

Woodward, J., dissents.

Appeal by the defendant, Standard Oil Company of New York, from an award of the State Industrial Commission, made on the 4th day of November, 1920.

*Martin Carey* [*Courtland Palmer* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General* of counsel], for the respondents.

Cochrane, J.:

The record discloses that the appellant was engaged in the business of distributing petroleum and its products and that William McBride, the husband of the claimant, was employed as a chauffeur in connection with such business. He had driven a truck to the dock at the foot of West Forty-eighth street in the city of New York to procure some barrels of gasoline from a barge alongside said dock. With the assistance of others he had completed the loading of the

barrels of gasoline from the barge to the truck. The finding of the Commission recites that " while standing on the side of the barge while making the barrels safe at the end of his truck, the brake on said truck was released and car slid back and caught the left leg of deceased between the tail of truck and side of boat." The injury thus received by McBride caused his death. On these facts it is contended by the appellant that the work which McBride was doing was maritime in its nature and that the State Industrial Commission for that reason is without jurisdiction in this proceeding.

The appellant in its argument assumes that it was the owner of the barge in question and that the accident was caused by the swaying of the barge whereby the leg of the deceased was caught between it and the truck. The first assumption is without any evidence whatever in its support and the second assumption is opposed to the express finding of the Commission based on a statement of the appellant in its report of the injury wherein it conceded that the accident occurred because of the fact that " brake was released and car slid back and caught left leg between tail of truck and side of boat."

We have then the very common occurrence of a business concern sending its truck in charge of its chauffeur to a vessel lying at a wharf to receive merchandise therefrom. Can it reasonably be said that such chauffeur is engaged in a maritime transaction or in the performance of a maritime contract? In *Matter of Doey* v. *Howland Co.* (224 N. Y. 30) it was held, citing *Erie R. R. Co.* v. *Welsh* (242 U. S. 303), that the subject-matter of the contract or the nature and character of the work to be done constitute the test in determining whether a contract was of a maritime nature. The appellant says in its report of injury that the occupation of McBride " when injured " was that of a chauffeur. The duties of a chauffeur in the nature of things pertain to the land and not to water. The work of the deceased at the barge was merely incidental to his general duties as such chauffeur and had nothing otherwise to do with the barge. His employer had nothing to do therewith except to receive its merchandise therefrom.

The appellant further contends that this is a tort case

and that the sole test of admiralty jurisdiction in such cases is locality. If there was any tort in this case it consisted in negligently permitting the brake on the truck to be released. That was the initial wrong if there was a wrong. No tort or wrongful act was committed on the barge. The fact that McBride was standing on the side of the boat while securing the loaded gasoline on the truck was merely an incident and quite insufficient to confer jurisdiction on a court of admiralty nothing having occurred on the barge or in connection therewith to contribute in any way to the accident. We conclude that the tort if any did not occur on board a vessel or on navigable waters and that the deceased was not engaged in the performance of a maritime contract or transaction.

The award should be affirmed.

All concur, except WOODWARD, J., dissenting.

Award affirmed.