In the Matter of the Claim of MATALENA MANGIERI et al., Respondents, against OLIN J. STEPHENS, INC., et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

*Workmen's compensation — maritime employment — when employee injured while pulling in a boat not within protection of Workmen's Compensation Law.*

Where an employee falls into the water, resulting in his death, while engaged in the regular course of his employment in pulling in a boat, the Workmen's Compensation Law does not apply — his employment at the time of the injury was of a maritime nature and service.

*Mangieri* v. *Stephens, Inc.*, 198 App. Div. 960, reversed.

(Argued January 10, 1922; decided January 24, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 8, 1921, unanimously affirming an award of the State Industrial Commission made under the Workmen's Compensation Law.

*F. A. W. Ireland* and *Robert M. McCormick* for appellants.

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondents.

*Per Curiam.* Louis Mangieri, the deceased, was employed as a laborer at' 220 East One Hundred and Thirty-eighth street, New York city, by Olin J. Stephens, who was engaged in the wholesale coal and wood business. The coal was brought to the dock in boats. A tug brought the coal boat to the river front and then it was pulled along the slip or canal to the dock by line or rope. The deceased was towing the coal boat with a line, pulling on it, when he slipped and fell into the water, which resulted in his death.

The finding is that " On June 26, 1919, while the said Louis Mangieri was engaged in the regular course of his employment and while pulling in boat L. W. B. No. 42, he slipped and fell overboard."

We think that this case comes within our ruling in *Matter of Keator* v. *Rock Plaster Mfg. Co.* (224 N. Y. 540) and *Matter of Newham* v. *Chile Exploration Co.* (232 N. Y. 37) and that his employment at the time of the injury was of a maritime nature and service. If this be so, the Workmen's Compensation Law, as we have stated, does not apply.

The order appealed from and the award of the state industrial commission must be reversed and the claim dismissed, with costs in all courts against said commission.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents.

Order reversed, etc.