Before STATE INDUSTRIAL BOARD, Respondent.

PATRICK J. DONOHUE, Claimant, Respondent, *v.* H. H. ROBERTSON COMPANY, Defendant, Impleaded with LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Appellant.

Third Department, May 2, 1923.

Workmen's compensation — jurisdiction — claimant was injured in Washington, D. C., while working for a foreign corporation under contract made here — finding that employer was carrying on hazardous business here not supported by evidence — no evidence that claimant's injury was incidental to work carried on in this State by employer — award reversed and claim remitted — failure of employer to appeal cannot prejudice insurance carrier's rights.

The claimant, a wireman in roof construction, was employed by a Pennsylvania corporation to work on jobs both in and out of the State and at the time of the accident he was working in Washington, D. C., under a contract of employment entered into in this State. *Held*, that there was no evidence to justify the finding of the State Industrial Board that the employer was engaged in a hazardous

---

* Now Workmen's Compensation Law of 1922, § 3, subd. 1, group 19.— [REP.

occupation in this State at the time of the accident in question and that the work of the claimant at that time was incidental to such hazardous employment, and that, therefore, the award should be reversed and the claim remitted to the State Industrial Board.

The failure of the employer to appeal from the award cannot prejudice the carrier upon any theory that jurisdiction of the employer constitutes jurisdiction of the carrier.

APPEAL by the defendant insurance carrier, London Guarantee and Accident Company, Ltd., from an award of the State Industrial Board, made on the 6th day of September, 1922.

*William Butler* [*Charles S. Gray* of counsel], for the appellant.

*Carl Sherman,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The employer is the H. H. Robertson Company of Pittsburgh, Penn., whose business was that of fireproof construction. The claimant was a wireman in roof construction who, though paid by the hour, seems to have been a steady employee of the H. H. Robertson Company, going from one job to another for his employer, at one time working in one State and at another time working in another State, depending upon where his services were needed by his employer. The claimant seems to have had no permanent place of residence, but the place to which he seems to have returned when unemployed was South Bethlehem, Penn. When he was employed by this employer he considered the place of his employment as his home for the time. He was injured at Washington, D. C., and he says that for the time being he called Washington his home. The record fails to disclose that he ever resided in this State except when he went to Ebenezer, N. Y., near Buffalo, in 1919, prior to his accident, at which time he says that he was employed by the H. H. Robertson Company working on a roofing job which was being done by his employer at that time and place. He had previously been employed by the Robertson Company but claims to have discontinued his employment and to have been rehired at Ebenezer.

The State Industrial Board has found that his contract of employment was made at Ebenezer, N. Y., and that he was working under that contract of employment at the time he sustained his injuries subsequent thereto at Washington, D. C. The Board has further found that the employer carried on a hazardous occupation within the State of New York. Taking the facts most favorable to the claimant we may assume that his contract of employment was

12

made in this State and that he remained continuously in the employ-
ment of the Robertson Company, moving from Ebenezer, N. Y.,
to various places in Pennsylvania and then to Washington, D. C.
Apparently the State Industrial Board has made an award upon
the theory that jurisdiction was obtained through the making of a
contract of employment in this State under the authority of *Matter
of Post* v. *Burger & Gohlke* (216 N. Y. 544). The decision in that
case, however, has been distinguished. (*Matter of Smith* v. *Heine
Boiler Co.*, 224 N. Y. 9; *Perlis* v. *Lederer*, 189 App. Div. 425; *Matter
of Gardner* v. *Horseheads Construction Co.*, 171 id. 66.) The place of
the contract is not necessarily controlling. The Workmen's Compen-
sation Law involves an exercise of the police power of the State and
" does not attempt to regulate the duty of foreign employers in the
conduct of their business within foreign jurisdictions. * * * A
duty is imposed by law on employers conducting a hazardous
employment in New York to insure their workmen against injury,
and the insurance covers injuries incidental to that employment
though suffered in another State. * * * The duty to insure
does not outlast the existence within our borders of the business
or relation which calls it into life." (*Matter of Smith* v. *Heine Boiler
Co., supra*, 11.)

The real question in the case is whether at the time of the acci-
dent the employer was carrying on a hazardous employment within
the State of New York and whether the claimant suffered an injury
incidental to that employment though suffered in another State.

The State Industrial Board has found that the employer carried
on a hazardous occupation within the State of New York, but
there is no evidence to sustain a finding that such an occupation
was being carried on by the employer within the State of New York
at the time of the accident in question and that the work of the
claimant at the time was incidental to such a hazardous employ-
ment conducted by the employer within the State of New York.
There is slight evidence that the employer had an office in New York
city, but there is no evidence tending to prove that the employer
was conducting a hazardous employment in the State of New
York at the time of the accident, except the following ambiguous
testimony: " Q. Where did you get your materials from? A.
Acra, N. Y.; that's the plaster. Q. The plaster? Do you know
what the H. H. Robertson did at Acra? A. They had a contract
with the American Cement Company to furnish them plaster and
they also had a mill there, where they recast blocks. Q. Have
they two separate and distinct lines? They are milling agents for
the American Cement Plaster Company? A. They have nothing
to do with them except that they buy from them. Q. They don't

manufacture cement? A. No. Q. They only manufacture cement blocks. A. Plaster blocks." This testimony is very ambiguous and while it may be construed to mean that the Robertson Company had a mill for the manufacture of plaster blocks at Acra, it is equally susceptible of the meaning that the American Cement Company conducted the mill at Acra. Even assuming that the Robertson Company conducted such a mill at Acra, there is no testimony to indicate that the work done by the claimant at the time of his injury was an incident to such a hazardous employment conducted by the Robertson Company at Acra, N. Y. In this unsatisfactory state of the record the State Industrial Board was not justified in making an award.

While the employer has not appealed, its failure so to do cannot prejudice this carrier upon any theory that jurisdiction of the employer constitutes jurisdiction of the carrier (*Cheesman* v. *Cheesman*, 203 App. Div. 533), because, if the duty of an employer to provide compensation under our Workmen's Compensation Law did not reach this employment, there was no jurisdiction of the employer and, therefore, there could be no recourse against the carrier for the performance of a duty not contemplated by the law or the policy issued under the law. It seems that this employer, a foreign corporation, carried compensation insurance with another insurance company for its business done outside the State of New York and that the appellant carrier furnished a policy which by its terms covered only the business conducted within the State of New York. If the appellant carrier is to be held liable under this policy, it must be for injuries sustained by virtue of the conduct of the business of the employer within the State of New York or work outside the same but incidental to the New York business.

The award should be reversed as against the appellant carrier, with costs against the State Industrial Board, and the claim should be remitted to said Board for further consideration in accordance with this opinion.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Award reversed as against the appellant carrier, with costs against the State Industrial Board, and claim remitted to said Board for further consideration in accordance with the opinion.