Before STATE INDUSTRIAL BOARD, Respondent.

PAUL MADDERNS, Claimant, Respondent, *v.* FOX FILM CORPORATION and Another, Appellants.

Third Department, June 19, 1923.

Workmen's compensation — maritime employment — claimant was employed as actor in production of motion pictures — most of pictures were produced on land — at time of accident, claimant, in course of employment, was being chased along edge of boat and tripped over another man and fell into water — claimant was not in maritime employment — injury was not result of tort within exclusive maritime jurisdiction.

The claimant, who was an actor employed by the producer of motion pictures, most of which were made on land, was not engaged in maritime employment, where it appears that at the time of the accident he was, while in the course of his employment, being chased along the edge of a boat which was tied to a pier in Jersey City; that he tripped over another man and fell into the water; that his presence on the boat was a mere incident to his employment contracted for in this State and primarily carried on here; and that there was no proof that the employer was the owner or operator of the boat or in any way engaged in aiding the boat in the performance of her mission as a boat.

The injuries suffered were not caused by maritime tort exclusively within the jurisdiction of admiralty.

APPEAL by the defendants, Fox Film Corporation and another, from an award of the State Industrial Board, made on the 24th day of October, 1922.

*William Warren Dimmick*, for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

The business of the employer was the manufacture of moving picture films with office and principal place of business in New York city, where most of its pictures were produced. It had employed claimant as an actor. He was engaged at the studio in New York city as a moving picture man and had been employed for about four months prior to the accident.

The State Industrial Board has found: " On March 1, 1921, while the said Paul Madderns was engaged in the regular course of his employment and while working for his employer on a boat which was tied to Pier 1 at Jersey City, N. J., and while being chased by one man along the edge of the boat, pursuant to directions of his employer, he tripped over another man and fell into the icy waters of the Hudson River." The Board has further found that this sudden immersion in the icy waters brought on the disability from which claimant was suffering, namely, tuberculosis, at the time of the award in question. There is some evidence to sustain the finding of the Board that the alleged disability arose out of the accident in question.

The employer was apparently carrying on a hazardous employment within the State of New York. The claimant was engaged in helping to produce a serial picture, most of which was produced at the studio, and a portion thereof which was being produced in the State of New Jersey at the time of the accident was a mere incident to claimant's hazardous employment contracted for in the State of New York and principally carried on in that State. (*Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9; *Donohue* v. *Robertson Co.*, 205 App. Div. 176.)

The main question is whether the case comes within admiralty jurisdiction barring the State Industrial Board from jurisdiction to make an award. The mere fact that an accident occurred upon a boat located in navigable waters does not show conclusively that it was a matter within the admiralty jurisdiction. In *McBride* v. *Standard Oil Co.* (196 App. Div. 822) we affirmed an award to a chauffeur who was transferring barrels of gasoline to his employer's truck from a barge. He was standing on the side of the barge and while making the barrels safe at the end of his truck, the brake on

the truck was released and the car slid back and caught his left leg between the tail of the truck and the side of the boat. In *Wild-feuer* v. *Miller & Gold* (196 App. Div. 667) we affirmed an award to an employee of a furniture dealer of New York city who was delivering on board a barge furniture which had been purchased by the captain. While so delivering the goods on board the barge, the employee fell into the river and was drowned. We are unable to see how the instant case can be distinguished in principle. If the claimant was engaged in a maritime transaction or in the performance of a maritime contract or if this is a tort case within the sole jurisdiction of admiralty, the appellants should have proved it. There is no evidence from which we can assume that the employer was the owner or operator of the vessel or in any way engaged in aiding the vessel in the performance of her mission as a vessel. " Whatever is done to operate a ship, to aid her physically in the performance of her mission, viz., to take freight or passengers, to carry freight or passengers, to unload freight or passengers, and to preserve her while so doing, is a maritime service." (*Robinson* v. *The C. Vanderbilt*, 86 Fed. Rep. 785. See, also, *Matter of New-ham* v. *Chile Exploration Co.*, 232 N. Y. 37.) Claimant was not serving the vessel in any capacity within the meaning of what was said in *Norman* v. *Merritt & Chapman Derrick & Wrecking Co.* (200 App. Div. 360). The case is also distinguishable from the laborer employed in the coal and wood business who slipped and fell overboard into the water while towing a canal boat with a line, whose service at the time had direct relation to the operation or unloading of the vessel. (*Matter of Mangieri* v. *Stephens, Inc.*, 232 N. Y. 596.) The work of the claimant here had nothing to do with the boat except in so far as the boat became the momentary stage for the production of a slight portion of the picture which the claimant was helping to produce. His work on the boat was merely incidental to his general duties as an actor and had nothing to do with the boat save to use it as a background for a moving picture which except for this single incident was produced upon the land. The work in which he was engaging was not maritime in its nature. His employment was not a maritime contract and if the injuries which he received were the result of a tort within the exclusive maritime jurisdiction, the appellants have failed to satisfy us that there is any evidence which would justify such a holding. Every accident does not constitute a tort and the mere fact that the claimant tripped over another man and fell into the water, as found by the Board, does not justify us in concluding that a tort was committed cognizable in admiralty. It is not even shown whether the man over whom the claimant tripped was a member

of the crew of the vessel. The accident was not caused by the vessel or by any defect thereof. The appellants assume that the tripping of the claimant by another man constituted a tort in that the claimant's rights to a safe place to work were thus infringed. This assumption is without evidence, however, to support it. Moreover, no general maritime rule prescribing the liability, where the injuries resulted to such an employee not engaged in any maritime transaction and not caused by the vessel or any of its crew even though occurring upon navigable waters, has been called to our attention. No one owning, operating, lading or unlading or in any way aiding in the performance of the mission of this vessel is shown in this case to be involved in any liability whatsoever. We cannot see how a local rule would " work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations " in a case of this kind. (*Grant Smith-Porter Co.* v. *Rohde,* 257 U. S. 469; *Industrial Commission* v. *Nordenholt Corporation,* 259 id. 263; *Danielsen* v. *Morse Dry Dock & Repair Co.,* 235 N. Y. 439.)

The award should be affirmed, with costs in favor of the State Industrial Board.

Present — H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.