Before STATE INDUSTRIAL BOARD, Respondent. AUGUST JOHNSON, Respondent, v. HENRY STEERS, INCORPORATED, and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no legal evidence that the claimant resided within this State nor that the employer was a domestic corporation nor that at the time of the accident it was carrying on any business within this State, on the authority of *Donohue* v. *Robertson Company* (205 App. Div. 176) and *Anderson* v. *Jarrett Chambers Company, Inc.* (210 id. 543, 546). All concur.

Before STATE INDUSTRIAL BOARD, Respondent. ROLAND H. JONES, Respondent, v. ARTCRAFT PRODUCTS CO., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MAX KESSLER, Respondent, v. ELMIRA, CORNING AND WAVERLY RAILWAY and Another, Appellants.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent. HIMAN KRINSKY, Respondent, v. WARD & GOW, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. ERNEST LILJEGREN, Respondent, v. S. & Z. CONSTRUCTION CO., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MORTON LEOPOLD, Respondent, v. WILDFEUER BROTHERS and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no finding whether or not the loss of use is permanent or temporary, and that the evidence did not justify the award made. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. MORTON LEOPOLD, Respondent, v. WILDFEUER BROTHERS and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no finding whether or not the loss of use is permanent or temporary, and that the evidence did not justify the award made. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. BELLE LATHROP, Respondent, v. WILSON & GREENE LUMBER COMPANY and Another, Appellants.— Award modified by striking therefrom the provision directing the carrier to pay bills rendered for medical services, and as modified unanimously affirmed, without costs.

Before STATE INDUSTRIAL BOARD, Respondent. REIDER LORDAHL, Respondent, v. GREAT LAKES PRESSED STEEL COMPANY and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that the evidence does not show that the accident arose out of and in the course of the employment. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. MARGARET MCPADDEN (or MCFADDEN), Respondent, v. ST. GEORGE'S CHURCH and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MARGARET MULLIGAN, Respondent, v. DAVIS TURNER & COMPANY and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the grounds (1) that the evidence does not justify a finding that the deceased received his injuries while in the course of his employment; (2) that there is no finding whether or not the deceased was intoxicated at the