[No. 26072. Department One. August 18, 1936.]

VIOLA MILDRED GUSTAVSON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*Peyser & Bailey* and *John D. Cartano,* for respondent.

GERAGHTY, J.—This is an appeal from a judgment of the superior court awarding the respondent a pension under the Washington industral insurance law for the death of her husband, Bertin Gustavson, resulting from injuries received while engaged in the performance of extrahazardous work. The claim of the widow had been rejected by the department of labor and industries upon the ground that, the husband's death having occurred while he was engaged in work in the state of Idaho, the claim was not within the provisions of the act.

The stipulated facts, briefly stated, are: Gustavson

[1] Reported in 60 P. (2d) 46.

had been employed for several years prior to the time of his death by the Moline Elevator Company, an Illinois corporation engaged in the business of installing passenger and freight elevators in the state of Washington and neighboring states, with its office in the city of Seattle.

The decedent, who resided in the city of Seattle, was, in December, 1934, sent by his employer to Boise, Idaho, to assist in the installation of an elevator. While on the job, he fell into an elevator shaft and died as a result of the fall. The Moline Elevator Company had reported Gustavson as an employee and had paid premiums upon him, as upon its other employees, into the fund of the department of labor and industries during the whole period of his employment. The job of installing the elevator at Boise would have taken but a few days. During the whole term of his employment, prior to the Boise job, Gustavson had been sent to do jobs outside the state but three times.

The appellant department contends that the protection afforded workmen by the industrial insurance act is, by force of the definitions contained in Rem. Rev. Stat., § 7675 [P. C. § 3470], limited to workmen injured while engaged in extrahazardous employment within the state of Washington; in other words, that the act has no extraterritorial application.

The respondent relies upon the case of *Hilding v. Department of Labor & Industries,* 162 Wash. 168, 298 Pac. 321, and the trial court based its decision upon our holding in that case. It must be admitted that, while the facts in the *Hilding* case differ in detail from those present here, the principle involved is essentially the same, and the conclusion reached by the court in that case must be controlling here unless we recede from the views there expressed.

In the *Hilding* case, an employee engaged in extra-

hazardous employment was sent by his employer from Asotin to Spokane to do some work. In returning to Asotin by automobile, he followed the customary route, which crossed the state line into Idaho. While driving in the state of Idaho, his automobile left the road in a heavy fog, and he sustained injuries from which he died. Sustaining the right of the widow to a pension, the court held that the decedent had sustained the injury resulting in his death while engaged in extrahazardous employment under the terms of the act. The court reached this conclusion after a very full examination of the authorities, several of which were quoted at length in the opinion. At the outset of its discussion, the court states the question:

"Can a widow of a man, resident of and employed in this state by an employer coming under the operation of the workmen's compensation act, who is injured outside of the state while engaged in the course of his employment, recover compensation out of the industrial insurance fund?"

We referred to the case of *In re Gould*, 215 Mass. 480, 102 N. E. 693, Ann. Cas. 1914D, 372, a case largely relied on by the department, where it had been held that recovery could not be had under the statute of Massachusetts for injury sustained without the territorial boundaries of the state. Commenting on that case, we said that it had not been followed by other courts, and its doctrine had been expressly repudiated by some.

We cited *Grinnell v. Wilkinson*, 39 R. I. 447, 98 Atl. 103, Ann. Cas. 1918B, 618, where the supreme court of Rhode Island had sustained the right to recovery of an injured workman who had been sent by his employer out of Rhode Island into Connecticut to do certain work. In passing upon the claim, the court of Rhode Island said that, since the *Gould* case, other

cases had been decided which, in the opinion of that court, more closely applied to the act of Rhode Island; that, under the workmen's compensation act of that state, the relation of employer and employee is contractual, and the terms of the act are to be read as a part of every contract of service between those subject to its terms; that, in principle and in reason, and in view of the purpose, scope, and character of the act, it should be considered to include injuries arising out of the state as well as those within it, that the weight of authority upon similar acts gave full support to that conclusion, and that the *Gould* case stood alone.

We also quoted with approval from the case of *Industrial Commission v. Aetna Life Ins. Co.,* 64 Colo. 480, 174 Pac. 589, 3 A. L. R. 1336, where the departure of the courts from the *Gould* case was referred to and thus commented upon:

"The *Gould* case was followed and approved by Mr. Bradbury in the first edition of his work on Workmen's Compensation and State Insurance, but in the second edition of this work the author recedes from this position, and announces his belief that the doctrine which must be finally established will be, in effect, that the law of the place where a contract of employment is made will govern the rights and liabilities of employees and employers to claim and to pay compensation. It will be noted that in the *Gould* case the court relied largely on the English cases, which were in fact the only authority it had; . . . We cannot assume that the legislature ever intended such an injustice and absurdity, in the absence of some clear and express provision in the statute to that effect, which we do not find."

As to the extraterritorial effect of the workmen's compensation act, the court said in the *Hilding* case:

"The authorities generally hold that, unless the workmen's compensation act expressly provides that

it shall have no extraterritorial effect, it applies to workmen employed in a state to do work outside of the territorial limits of that state.''

The case of *State ex rel. Loney v. Industrial Accident Board,* 87 Mont. 191, 286 Pac. 408, was cited, where the employer was building a section of road, partly in the state of Montana and partly within Glacier national park, under Federal jurisdiction. The accident occurred within the boundaries of the park. The contract of employment had been made in Montana, and both employer and employee were resident of that state. Commenting on that case, we said:

''The contract of employment was made in Montana, and both employer and employee were residents of that state. The court after pointing out that the weight of authority in this country sustains the view that the workmen's compensation act will apply to injuries to workmen employed in the state and injured while temporarily out of its limits, unless there is something in the act making it inapplicable or clearly denying the right to the employee to recover in such case, goes on to say:

'' 'While Section 2847 declares: ''This act is intended to apply to all inherently hazardous works and occupations within this state,'' we do not see that this necessarily excludes its operation beyond the limits of the state where the employee, in the furtherance of his employer's business which is localized in Montana, and which he is following in passing over the state line, meets with an accidental injury. The contract between employer and employee here contemplated that the road would extend into the park. The employee might or might not work on that portion of the road. The employer's business was localized in this state. The employee was acting in the course of and within the scope of his employment, furthering his employer's business, when he performed work within the park and received his injury. He should

be compensated precisely as if he were injured within the state but not within the limits of the park.' "

We are not persuaded that we should recede from our position in the *Hilding* case. Upon the question of the extraterritorial application of the industrial insurance act, comparing that case with this, we can see no distinction in principle between an injury sustained by an employee while moving in an automobile in the course of his employment and the injury to an employee while engaged in his employer's work in an immovable building.

The judgment of the trial court is affirmed.

TOLMAN, STEINERT, and BLAKE, JJ., concur.