[No. 26508.  Department One.  March 22, 1937.]

E. H. SHERK, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Harry Ellsworth Foster,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

GERAGHTY, J.—The appellant was employed by Leitch and Tofte, contractors, of Marshfield, Oregon, engaged in the construction, for the Federal government, of a jetty on Sand Island, near the mouth of the Columbia river and within the exterior boundaries of the state of Oregon.

Title to Sand Island was conveyed to the Federal government by act of the Oregon legislature in 1864. The trial court assumed the island to be under Federal jurisdiction. Whether it be so by reason of an express cession of jurisdiction by the state of Oregon, which does not appear in the record, or by force of Art. I, § 8, clause 17, of the constitution of the United States, is immaterial to the question, namely, whether the

[1]Reported in 65 P. (2d) 1269.

workmen's compensation act of Washington has any extraterritorial application under the facts in the case.

For the purpose of transporting material, the contractors maintained a short stretch of railroad track on the island. The appellant fell off a work train operated over this track, sustaining the injuries for which he claims compensation.

Sand Island is about a mile off the Washington bank of the river. The intervening channel, formerly navigable, is now so shallow that, at low tide, the bed is exposed in places. The appellant was hired at Chinook, Washington, and while employed on the job, lived at Seaview, Washington. The other employees were largely residents of Seaview. How they were conveyed to and from work, is not disclosed by the record; it does not appear that they were transported by the contractors.

The contractors were not engaged in business in the state of Washington and were not, as far as the record discloses, at the time of appellant's injury, doing any work within the state. It appears that they had, for convenience, some sort of office at Chinook, on the Washington shore; but, if any business was carried on there, other than engaging men for employment on the Sand Island job, the record does not disclose the fact.

After his injury, the appellant filed a claim for compensation with the department of labor and industries. On the rejection of the claim, he applied for a rehearing before the joint board of the department, which was granted. At the close of the rehearing, the joint board made an order affirming the ruling of the department. From this order, an appeal was taken to the superior court of Thurston county. The court, after hearing the appeal on the departmental record, affirmed the order of the joint board and entered judg-

ment dismissing the action. From this order, an appeal is taken to this court.

The appellant's claim was rejected by the department and joint board on the ground that the work upon which he was employed at the time of his injury 'was not covered by the workmen's compensation act of the state of Washington. The appellant relies upon *Hilding v. Department of Labor & Industries,* 162 Wash. 168, 298 Pac. 321, and *Gustavson v. Department of Labor & Industries,* 187 Wash. 296, 60 P. (2d) 46.

The facts in those cases, however, clearly distinguish them from the present one. In each of those cases, the man fatally injured was employed by an employer engaged in a business in the state of Washington covered by the workmen's compensation act. They were injured without the state, but while in the performance of services incidental to their general employment within the state. In both cases, the question, in the language of *Hilding v. Department of Labor & Industries,* was: Can a widow of a man, resident of and employed in this state by an employer under the operation of the workmen's compensation act, who was injured outside this state while engaged in the course of his employment, recover compensation out of the industrial fund? The answer in both cases was in the affirmative.

Here, while the appellant was a resident of Washington, his employers were not engaged in any business in the state covered by the workmen's compensation act. The mere fact that appellant was hired in the state of Washington would not bring his employment under the act; he was not employed to do any work in the state, but to work exclusively on a job lying wholly within the limits of the state of Oregon, his employment being in no way incidental to a business carried on within the state of Washington.

That his engagement to work on the Sand Island job was had at an office maintained for the purpose by the employer on the Washington bank of the river, is no more material to the issue than if he had been employed through a labor agency in the city of Seattle. His contract was for services wholly without the state.

The judgment is affirmed.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.