MRS. LOUISE NORRELL MALLARD v. F. M. BOHANNON, INC., EMPLOYER; AND MARYLAND CASUALTY COMPANY, CARRIER.

(Filed 7 January, 1942.)

**1. Master and Servant § 55d—**

Where there is sufficient competent evidence to sustain a finding of the Industrial Commission, the admission of other evidence, even if incompetent, cannot be held prejudicial, since a finding supported by sufficient competent evidence is conclusive.

**2. Same—**

Under the Workmen's Compensation Act the Industrial Commission is given the duty and the exclusive authority to find facts relative to controverted claims, and, with the exception of jurisdictional facts, its findings supported by competent evidence are conclusive and binding upon the courts.

**3. Master and Servant §§ 39c, 52b—**

Where claimant establishes the jurisdictional facts that the contract of employment was made in this State, that the employer's place of business is in this State, and that the residence of the employee is within this State, the burden is upon the employer and the insurance carrier to show that the contract of employment was expressly for service exclusively outside the State and thus bring themselves within the proviso of the Act. Michie's N. C. Code, 8081 (rr).

**4. Master and Servant § 39c—**

Whether a contract of employment is expressly for service exclusively outside the State is a question of fact for the determination of the Industrial Commission.

**5. Same—Evidence held sufficient to support finding that contract of employment was not expressly for service exclusively outside the State.**

The deceased employee was killed in an accident arising out of and in the course of his employment as a salesman in another state. Claimant introduced evidence that the contract of employment was made in this State, that the employer's place of business is herein, and that the employee was a resident of this State. The employer and the insurance carrier denied liability on the ground that the employment was expressly for service exclusively outside the State. The employer's assistant sales-manager testified that, subject to the approval of the home office, he could have changed the employee's territory at any time to North Carolina. *Held:* The testimony of the assistant salesmanager was competent and is sufficient to support the finding of the Industrial Commission that the contract of employment was not expressly for service exclusively outside the State and the award of compensation is upheld.

DEVIN, J., concurring.

BARNHILL, J., dissenting.

STACY, C. J., and WINBORNE, J., concur in dissent.

APPEAL by defendants from *Warlick, J.,* at September Term, 1941, of FORSYTH. Affirmed.

The hearing Commissioner, T. A. Wilson, Chairman, heard the evidence, found the facts and made an award to plaintiff. Upon application for review from the hearing Commissioner, the Full Commission rendered the following opinion and order:

"*Opinion for the Full Commission by Pat Kimzey, Commissioner.*

"This cause was reviewed by the Full Commission on April 16, 1941.

"Appearances: Charles J. Bloch, Attorney, 614-18 Georgia Casualty Building, Macon, Ga., for plaintiff. W. C. Ginter, Attorney, Charlotte, N. C., for defendants.

"This case came on for review and was heard by the Full Commission at Raleigh, North Carolina, on April 16, 1941.

"The Full Commission has carefully considered the briefs filed and the able arguments made by counsel for both plaintiff and defendants, and after so doing the Full Commission adopts as its own and in all

respects approves and affirms the findings of fact of Hearing Commissioner Wilson and makes the following additional

"*Findings of Fact:* A. That plaintiff's deceased sustained an injury by accident arising out of and in the course of his employment with the defendant employer resulting in his death while he was employed elsewhere than in the State of North Carolina. B. That the contract of employment of plaintiff's deceased and defendant employer was made in the State of North Carolina, and that the defendant employer's place of business is in the State of North Carolina. The Full Commission adopts as its own and in all respects approves and affirms the conclusions of law of the Hearing Commissioner and in addition thereto makes the following:

"*Conclusions of Law:*

"1. Section 36 (8081 [rr]) of the North Carolina Workmen's Compensation Act reads, in part, as follows: 'Where an accident happens while the employee is employed elsewhere than in this State which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State.'

"The only question in this case which is seriously controverted is whether or not the contract of employment of plaintiff's deceased was expressly for service exclusively outside of the State of North Carolina. The defendants contend that said contract of employment was expressly for service exclusively outside of the State; while the plaintiff contends that said contract was not expressly for service exclusively outside the State.

"The evidence adduced at the hearing tends to show that the plaintiff's deceased had worked exclusively outside the State of North Carolina since he had been employed by the defendant employer. This evidence further tends to show that plaintiff's deceased was originally employed to perform work which had been previously performed by another employee who worked exclusively outside the State of North Carolina. However, in the opinion of the Full Commission the fact that an employee worked exclusively outside the State of North Carolina, or that he filled the position which had previously been occupied by a person working exclusively outside the State of North Carolina, is not the test as to whether or not the North Carolina Industrial Commission has jurisdiction in cases of this nature. The clause pertaining to this matter as included in Section 36 is clear and reads as follows: '. . . provided his contract of employment was not expressly for service exclusively outside of the State.'

"The evidence adduced at the hearing, elicited from a defendants' witness, the sales manager for the defendant employer, tends to show that plaintiff's deceased was employed verbally to work for the defendant employer and that for the time being he was assigned to territory outside of the State of North Carolina, but that being a resident of North Carolina he was looking forward to performing that same type of work in the State of North Carolina, and had even gone so far as to state that he would like to work in North Carolina, and the defendant employer, through its Sales Manager, had at least intimated and implied to said plaintiff's deceased that he would be assigned a North Carolina territory when a vacancy occurred. Therefore, it appears from the evidence, meager though it may be, that the contract of employment between plaintiff's deceased and the defendant employer was not expressly for service exclusively outside the State of North Carolina.

"The defendants contend that this evidence is not competent, basing their contentions undoubtedly on paragraph 1795 of the North Carolina Code of 1939. However, in the case at bar this testimony was elicited from a witness for the defendants and was adverse to the interest of said defendants. Therefore, it is the opinion of the Full Commission that said testimony in the manner and form and under the circumstances it was adduced is competent. However, this appears to be more or less an academic question in this case if Section 36 of the Workmen's Compensation Act is closely examined.

"It is a well-established rule that, generally speaking, the burden is on the plaintiff to show by the preponderance of the evidence that he is entitled to compensation under the provisions of the Act. However, in reading Section 36, it is noticed that the requirements that the contract of employment was made in this State, the employer's place of business is in this State, and the residence of the employee is in this State are all affirmative requirements, and that therefore, the burden is placed upon the plaintiff to show that those requirements are met if the North Carolina Industrial Commission is to have jurisdiction in said case. However, the phrase or clause immediately following the affirmative requirements has the following verbiage: '. . . Provided his contract of employment was not expressly for service exclusively outside of the State.'

"This appears, therefore, to be a negative requirement following the affirmative provisions and it is the opinion of the Full Commission that the burden of showing by the greater weight of evidence that the contract of employment was not expressly for service exclusively outside the State of North Carolina would rest on the defendants, and therefore, that even if the record was absolutely silent as to this last negative phrase, that the plaintiff would be entitled to compensation if he had

met all of the affirmative provisions in this section. This thought and reasoning is at least implied in the case of *Reaves v. Mill Company,* 216 N. C., 462, in which *Justice Seawell* in writing the majority opinion states as follows:

" 'The North Carolina Workmen's Compensation Act, Chapter 120, Sec. 36, Public Laws of 1929, provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; . . ." In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction.'

"It is noted that *Justice Seawell* in enumerating these jurisdictional provisions does not mention anything concerning the negative provisions in reference as to whether or not the contract of employment was not expressly for services exclusively outside the State. *Justice Clarkson* dissenting in the same case above quotes uses in connection with the conditions which would give the North Carolina Industrial Commission jurisdiction practically the same language as *Justice Seawell* on page 467 of N. C. 216.

"The defendants contend and cite the case of *Wilson v. Clement Co.,* 207 N. C., 541, as authority for their contentions that the hearing Commissioner should be reversed. The Full Commission can see very little, if any, connection between the two cases. The defendants further cite *Reaves v. Mill Co.,* 216 N. C., 462, as authority to support the contention that the North Carolina Industrial Commission does not have jurisdiction in the case at bar. This case does involve jurisdictional questions, but the Full Commission was reversed on entirely different conditions than those which arise in the case at bar. Therefore, the Full Commission concludes as a matter of law that the contract of employment of plaintiff's deceased was made in the State of North Carolina; that the employer's place of business was in the State of North Carolina; that the residence of the employee was in the State of North Carolina, and that said contract of employment was not expressly for service exclusively outside the State of North Carolina.

"Counsel for the plaintiff appearing before the Full Commission made a verbal motion that the plaintiff's attorney's fees for appearing before the Full Commission be taxed as a part of the costs against the defend-

ants under the provisions of Section 62 of the Workmen's Compensation Act. The Full Commission is of the opinion that the question of whether or not plaintiff's deceased in the case at bar was expressly employed to work exclusively outside the State of North Carolina is a debatable one, and the question is one which under the same circumstances of this case has neither been decided by the Full Commission nor the Courts of North Carolina and, therefore, that the defendants should not be penalized by asking that said case be reviewed by the Full Commission. Therefore, plaintiff's motion that the attorney's fees for appearing before the Full Commission be taxed as a part of the costs against the defendants is denied.

"*Award:* The Full Commission adopts as its own and in all respects approves and affirms the award of hearing Commissioner Wilson. The defendants will pay all hearing costs. Pat Kimzey, Commissioner. Examined and approved: T. A. Wilson, Chairman, Buren Jurney, Commissioner—4/29/41. Certified copy: J. S. Massenburg, Secretary."

"An appeal having been taken in the above entitled cause by the defendants, through their attorney, W. C. Ginter, the case having been heard by the North Carolina Industrial Commission, and in pursuance of the certificate of J. S. Massenburg, Secretary of the North Carolina Industrial Commission, under date of June 2, 1941, said defendants hereby file the said certificate and attached transcript of evidence and complete record in accordance with the statute, and request that the same be docketed for trial in the Superior Court of Forsyth County in accordance with the law. This the 4th day of June, 1941. F. M. Bohannon, Inc., and Maryland Casualty Company. By: W. C. Ginter, Attorney for Defendants."

The judgment of the Superior Court is as follows: "This cause being heard in due course, at the September 1941 Term of the Court, on the appeal of the defendants from an Award of the North Carolina Industrial Commission in favor of the Claimant, Mrs. Louise Norrell Mallard, and after hearing arguments of counsel for the Claimant and of counsel for the defendant insurance carrier, and the Court being of the opinion that the award of the North Carolina Industrial Commission in favor of the Claimant should be in all respects affirmed: It is, Therefore, Ordered, Adjudged and Decreed that the award of the North Carolina Industrial Commission is in all respects affirmed, said award being that the defendants pay to the Claimant, Mrs. Louise Norrell Mallard, compensation at the rate of $18.00 per week, beginning as of September 26, 1940, and continuing until $6,000 is paid, less $200.00 burial expense, which shall be paid to the proper parties and that the defendants pay the medical expenses, if any were incurred, and the costs of the hearing before the North Carolina Industrial Commission. It is Further Or-

dered that the costs of this appeal be taxed against the defendants. Wilson Warlick, Judge Presiding."

To the foregoing judgment and the signing of the same, the defendants, and each of them, in open court, excepted, assigned error, and appealed to the Supreme Court of North Carolina.

*Hall & Bloch and Roy L. Deal for plaintiff.*
*W. C. Ginter, H. Bryce Parker, and L. B. Carpenter for defendants.*

CLARKSON, J.   The defendants excepted and assigned as error: "That the Court erred in its findings of fact and conclusions of law in signing the judgment, as appears of record."   We cannot so hold.

The other exceptions and assignments of error, as to the incompetency of evidence, cannot be sustained. If error, it was not prejudicial. There was sufficient competent evidence to sustain the finding of the Industrial Commission and the conclusions of law we think are correct.

In *Buchanan v. Highway Com.,* 217 N. C., 173 (174-5), *Devin, J.,* for the Court, says: "Under the North Carolina Workmen's Compensation Act, dealing with the matter of compensation for injuries due to the hazards of industry, both the duty and the exclusive authority to find the facts relative to controverted claims are vested in the Industrial Commission, and it is provided by section 60 of the Act that upon review the award of the Commission shall be conclusive and binding as to all questions of fact.   In accord with this statutory provision it has been uniformly held by this Court that, when supported by competent evidence, the findings of fact by the Industrial Commission are conclusive on appeal, and are not subject to review by the Superior Court or the Supreme Court. . . . (citing authorities).   The only exception to this rule is where the jurisdiction of the Industrial Commission is challenged. . . . (citing authorities).   The powers of the Superior Court with reference to appeals from the Industrial Commission are pointed out in *Tindall v. Furniture Co.,* 216 N. C., 306" (citing authorities).

Section 36 of the Workmen's Compensation Act (Consolidated Statutes, 8081 [rr]), provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, (a) if the contract of employment was made in this State, (b) if the employer's place of business is in this State, and (c) if the residence of the employee is in this State; *provided his contract of employment* was not expressly for service exclusively outside of the State." (Letters inserted—italics ours.)

As is admitted in the second paragraph on page 2 of appellants' brief, the three conditions set forth in Section 36 above quoted are met by

claimant in this case: (a) the contract of employment was made in North Carolina; (b) the employer's place of business is in North Carolina; and (c) the residence of the employee was in North Carolina.

In *Reaves v. Mill Co.,* 216 N. C., 462 (465), this Court stated: "In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction." *Brooks v. Carolina Rim & Wheel Co.,* 213 N. C., 518.

In 71 Corpus Juris, sec. 724, in part, at p. 960, it is said: "Where the Act extends the jurisdiction of the Commission to injuries suffered outside the State under a contract of employment made in the State, unless the contract otherwise provides, the Commission has jurisdiction of an injury incurred outside the State where the contract of employment was made in the State and it appears that there was acceptance of the terms of the Act by the parties."

The finding of the Industrial Commission that from the competent evidence the plaintiff was entitled to recover, bring up, we think, the only serious question.

The proviso to the Act is: "Provided his contract of employment was not *expressly* for service *exclusively* outside of the State." The burden is on the defendants to bring themselves within the proviso.

In *S. v. Davis,* 214 N. C., 787 (793), it is written: "It has long been settled in this State that although the burden of establishing the *corpus delicti* is upon the State, when defendant relies upon some independent, distinct, substantive matter of exemption, immunity or defense, beyond the essentials of the legal definition of the offense itself, the *onus* of proof as to such matter is upon the defendant. *S. v. Arnold,* 35 N. C., 184; *S. v. McNair,* 93 N. C., 628; *S. v. Buchanan,* 130 N. C., 660; *S. v. Smith,* 157 N. C., 578. In discussing this phase of the law in *S. v. Connor,* 142 N. C., 700, *Hoke, J.,* says: 'It is well established that when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by a subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negatived in the indictment, nor is proof required to be made in the first instance on the part of the prosecution. . . . In such circumstances, a defendant charged with the crime who seeks protection by reason of the exception, has the burden of proving that he comes within the same. *S. v. Heaton,* 81 N. C., 543; *S. v. Goulden,* 134 N. C., 743,'" citing many authorities. *S. v. Carpenter,* 215 N. C., 635 (639).

In *Haywood v. Ins. Co.,* 218 N. C., 736, we find: "The defendant's denial placed the burden on the plaintiff to prove his case by the greater weight of the evidence, and it was error for the trial judge to direct a verdict in favor of the plaintiff without leaving it to the jury to determine the credibility of the testimony. McIntosh, Practice & Procedure, 632. 'A familiar principle of practice forbids a directed instruction in favor of the party upon whom rests the burden of proof,'" citing many authorities.

In *Jones v. Waldroup,* 217 N. C., 178 (189), it is said: "But the burden is upon one who asserts an affirmative plea to establish it by appropriate proof. *Benner v. Phipps, supra* (214 N. C., 14); *Everett v. Mortgage Co., supra* (214 N. C., 778); *Mitchell v. Whitlock,* 121 N. C., 166, 28 S. E., 292; *Mayo v. Jones,* 78 N. C., 402."

The determination of the question of fact, whether "his contract of employment was not *expressly* for service *exclusively* outside of the State," was for the Industrial Commission—the fact-finding body.

Plaintiff's deceased, E. L. Mallard, was an employee of defendant, F. M. Bohannon, Inc. Its place of business was in North Carolina. E. L. Mallard and his wife had their domicile in North Carolina, and the contract of employment, which was oral, was made in North Carolina. F. M. Bohannon, Inc., had accepted the provisions of the Compensation Act and the Maryland Casualty Company was the carrier. Mallard met his death on 26 September, 1940, as the result of an accident arising out of and in the course of his employment. This made out a *prima facie* case. It was for the Industrial Commission to determine whether the defendants' evidence rebutted the *prima facie* case.

T. R. Thornton, then assistant sales manager, now sales manager of F. M. Bohannon, Inc., employed Mallard. He was a witness for defendants and testified: "Q. Mr. Thornton, the territory assigned to him (Mallard) was South Georgia and parts of North Florida? Ans.: Yes, sir. Q. He was subject to change of territory at any time the company decided it was to the company's best interest to change him, wasn't he? Ans.: Yes, sir. . . . Q. And he was subject to change of territory at any time that the F. M. Bohannon Company, Inc., or you as Mr. Mallard's superior officer, decided it was to the best interest of the company to change his territory? Ans.: Yes, sir. . . . I am Sales Manager for everything we have. I travel all the states we work." Thornton could have placed Mallard in North Carolina. F. M. Bohannon, Inc., had employees in North Carolina whose duties were similar to those of Mallard. Thornton testified further: "Q. You'd have the right to tell Mr. Mallard you wanted him to go to North Carolina or Virginia, subject to the home office's approval? Ans.: With the permission of the home office, yes, sir."

The inference is permissible that the home office would do what Thornton recommended, as he had employed Mallard and was high in authority. We think all this·evidence competent on the question involved in the proviso. The Commission had sufficient competent evidence to find the facts, this is not our province to weigh and determine the facts. There are different statutes in different states and the decisions, on that account, can be of little help. In order to avoid liability, under the facts of this case, the insurance carrier would have had to prove that Mallard's contract of employment was *expressly* for services *exclusively* outside the State. The evidence is sufficient to support a contrary conclusion. It is shown by the evidence that under the contract of employment, the employer could have moved plaintiff's deceased, E. L. Mallard, at any time to any place in Thornton's territory, which territory embraced the State of North Carolina.

The arguments and briefs of the litigants were able and thorough, and covered every aspect of the case; but on the record we think the judgment of the court below should be

Affirmed.

DEVIN, J., concurring: It was admitted that the injury by accident resulting in the death of Mallard arose out of and in the course of his employment by the defendant, and that the contract for his employment was made in North Carolina, and that the place of business of the employer and the residence of the employee were also in this State. Hence, the award of compensation under the Workmen's Compensation Act must be upheld, unless the defendants can invoke the protection of the proviso under sec. 36 of the Act: "Provided his contract of employment was not expressly for services exclusively outside of the State." As to this the burden of proof was on the defendant. Unless they can show that the evidence in support of their contention is all one way, and that there are no permissible inferences of fact to the contrary, the findings of the Industrial Commission must be held conclusive, and judgment below affirmed. While the evidence tends to show that Mallard was assigned territory outside of the State, and that he was there employed continuously until his death, it also appears that under the oral contract of employment the territory assigned could be changed at any time, if the defendant employer saw fit, and that without changing the terms of the contract he could have been placed in North Carolina. Hence, it would seem that the contract of employment was "not expressly for services exclusively outside of the State."

BARNHILL, J., dissenting: Ordinarily, a State statute has no extraterritorial application or effect. Sec. 36 of ch. 120, Public Laws 1929,

was included in the Act to meet this limitation in so far as it applies to employees working both within and without the State, and so as to permit compensation when such employee is ·injured while engaged in work in another state. That is, this provision was inserted for the protection of North Carolina employees who are injured while engaged in the performance of their duties elsewhere than in this State. It does not protect employees whose duties are performed entirely outside the bounds of North Carolina.

The injured employee, or in case of death, his dependents, must show that the injury or death is compensable under the terms of the Act. When the employee is about his master's business elsewhere than in this State injury or death is not compensable unless the employment "was not expressly for services exclusively outside of the State." The proviso is not negative. It imposes a condition, the section as a whole constituting an exception to the general rule and stipulating the conditions upon which compensation is payable. Hence, the Commission erred in its conclusion that the burden was on defendants and that "even if the record was silent as to' this last negative phrase, that the plaintiff would be entitled to compensation if he had met all of the affirmative provisions of this section."

When it was made to appear that (1) the contract of employment was made in this State; (2) the employer's place of business is in this State; and (3) the residence of the employee is in this State, the conditions upon which the jurisdiction of the Industrial Commission depends were met. *Reaves v. Mill Co.,* 216 N. C., 462, 5 S. E. (2d), 305. These and other jurisdictional facts are admitted. Whether the death of the employee is compensable then became an issue of fact for the Commission to decide. On this record the answer depends upon a preliminary finding as to whether the contract of employment was or was not expressly for services exclusively outside the State.

On this issue the Commission found "that the plaintiff's deceased sustained an injury by accident arising out of and in the course of his employment with the defendant Employer, resulting in his death, while he was employed elsewhere than in the State of North Carolina."

Upon this finding it made the further finding as a conclusion of law that:

"The evidence adduced at the hearing tends to show that the plaintiff's deceased had worked exclusively outside the State of North Carolina since he had been employed by the defendant employer. This evidence further tends to show that plaintiff's deceased was originally employed to perform work which had been previously performed by another employee who worked exclusively outside the State of North Carolina. However, in the opinion of the Full Commission the fact that an employee worked exclusively outside the State of North Carolina is not the

test as to whether or not the North Carolina Industrial Commission has jurisdiction in cases of this nature. The clause pertaining to this matter as included in Section 36 is clear and reads as follows: (Quoting the proviso in said section.)

"The evidence adduced at the hearing, elicitated from a defendant's witness, the sales manager for the defendant employer, tends to show that plaintiff's deceased was employed verbally to work for the defendant employer and that for the time being he was assigned to territory outside of the State of North Carolina, but that being a resident of North Carolina he was looking forward to performing that same type of work in the State of North Carolina, and had even gone so far as to state that he would like to work in North Carolina, and the defendant employer, through its Sales Manager, had at least intimated and implied to said plaintiff's deceased that he would be assigned a North Carolina territory when a vacancy occurred. Therefore, it appears from the evidence, meager though it may be, that the contract of employment between plaintiff's deceased and the defendant employer was not expressly for service exclusively outside the State of North Carolina."

The circumstances under which plaintiff's deceased was employed are clear. The sales agent of defendant who was assigned certain territory in south Georgia and northern Florida died. Mallard, a resident of North Carolina, was then living in Georgia and unemployed. The sales manager of the defendant, on the solicitation of others, contacted him and, after obtaining the approval of the home office, employed him.

The terms of the contract of employment are simple and unambiguous. Mallard was to be assigned to the same territory in south Georgia and north Florida formerly worked by the deceased agent. He was to sell defendant's products within that territory and was to be paid upon a salary and commission basis. He sought and obtained employment— not as a general employee but as an agent or representative within specific limited territory.

Neither the fact "that he was looking forward to performing the same type of work in the State of North Carolina and had even gone so far as to state that he would like to work in North Carolina" nor the fact that the sales manager—his superior officer—"had intimated and implied that he would be assigned to North Carolina territory in the event of a vacancy" tends to modify the contract. They not only make it appear that it was not "written in the bond" that he was subject to transfer at will without notice, but emphasize and compel the conclusion that it was expressly agreed that he was to work exclusively within the territory assigned. Else why hope for or seek the promise of a transfer in the future?

The statement of the sales manager that he could transfer Mallard to other territory in the event of a vacancy and provided the home office

consented merely constitutes his interpretation of his rights under the contract. He does not say that such condition was imposed at the time of the hiring or that the employee assented thereto. No change could be made except by and with the consent of the home office and then only in the event of a vacancy. These were, under his statement, conditions precedent to a transfer.

Thus the contract was expressly for services *exclusively outside* of the State of North Carolina.

Having been assigned definite territory elsewhere he was not a North Carolina employee. *Dunville v. Industrial Commission*, 279 N. W., 695 (Wis.) ; *Sherk v. Dept. of Labor & Industries*, 65 Pac. (2d), 1269 (Wash.) ; *Lutz v. State Workers Ins. Fund*, 188 Atl., 364 (Pa.) ; *Sou. Underwriters v. Gallagher*, 136 S. W. (2d), 590 (Tex.). Under the terms of the contract he had no authority to go elsewhere than in the territory assigned to sell defendant's products and he could not have done so without invading the right of some other agent and causing defendant to breach its contract with the agent to whom such other territory had been assigned.

No particular or rule-of-thumb expression is required to make a contract "expressly" for services outside North Carolina. All that is necessary is for it to be made to appear from the terms of the contract that it was mutually understood and agreed that the employee's duties were to be performed in their entirety elsewhere than in this State.

Under the contract of employment the deceased was a local agent. *Navy Gas & Supply Co. v. Schoech*, 98 Pac. (2d), 860 (Cal.) ; *White Co. v. Farley & Co.*, 292 S. W., 472 (Ky.) ; 52 A. L. R., 541; *Lutz v. State Workers Ins. Fund, supra.* His authority as such was limited by and his duties were to be performed exclusively within specified territory located entirely outside this State. He could act for and in behalf of his employer within the scope of his authority only in south Georgia and north Florida. Thus, his agency was circumscribed by territorial limitations. Outside the area assigned to him he had no duties to perform or no right to act as agent in furtherance of defendant's business. Hence, it affirmatively appears that the employment was *expressly* for services exclusively outside the State. *Lederer Specialty Co. v. Chapman*, 152 N. E., 872 (Ind.). See also *Martin v. Kennecott Copper Corp.*, 252 Fed., 207; *Dunville v. Industrial Commission, supra; Sherk v. Dept. of Labor & Industries, supra; Lutz v. State Workers Ins. Fund, supra; Sou. Underwriters v. Gallagher, supra.*

In the *Chapman case, supra,* the facts are substantially the same. There the Court said "this contract assigning Georgia territory was, by its express terms, to be performed in its entirety without the State of Indiana and in the State of Georgia."

MALLARD v. BOHANNON.

The General Assembly was without authority to legislate in respect to this employee and it is apparent to my mind that it did not undertake to do so. "There is no doubt that a contract made within the State of New York for services to be performed wholly in a sister State is wholly without the police power of the State of New York and does not give a right to compensation under our Workmen's Compensation Law." *Perlis v. Lederer,* 178 N. Y. Supp., 449; *Post v. Burger & Gohlke,* 216 N. Y., 544, 111 N. E., 351; *Smith v. Heine Safety Boiler Co.,* 224 N. Y., 9, 119 N. E., 878.

The Court should take judicial notice of whatever is or ought to be generally known within the limits of their jurisdiction. *S. v. Vick,* 213 N. C., 235, 195 S. E., 779, 15 R. C. L., 1057. Applying this principle, we know that, in this day of complex business conducted by large corporations engaged in the business of selling merchandise to wholesalers and retailers over extended territory, such territory is divided into districts in charge of district sales managers; that such districts are still again subdivided into smaller sections or territories to each of which is assigned a salesman; and that each salesman works only within the territory assigned to him to the exclusion of others. His authority as agent begins and ends at the boundary line of his territory. This is true particularly when compensation is in whole or in part on a commission basis.

When the contract under consideration is viewed in the light of these known prevailing customs and conditions under and in contemplation of which it was made we, in my opinion, cannot come to any conclusion other than that the claimant has failed to bring herself within the provisions of Section 36 of the Workmen's Compensation Act.

The case comes to this: claimant's deceased was employed to represent defendant as its local sales agent in designated territory wholly outside North Carolina. He worked within that territory exclusively until his death—a period of approximately three years. He could not be transferred to other territory by his superior except by the express permission of the home office and then only in the event of a vacancy. He was working on a salary and commission basis. Soon after entering upon his employment he expressed a desire to be transferred to North Carolina. His superior officer intimated that he would give his request consideration in the event of a vacancy. The Commission concluded that this "desire" and "intimation" so modified the contract as to subject the employee to transfer at will—thus constituting him a North Carolina employee. The Superior Court affirmed and the majority opinion approves. I am compelled to disagree. In my opinion we should reverse.

Even if we concede that the contract and the evidence offered present a question of fact the cause should be remanded.

The Commission states that it considered the evidence very meager. Upon this evidence it reached its conclusion under the apprehension that the burden was on the defendant. It should be required to review its findings and conclusions under correct principles of law as to the burden of proof. In that event, in all probability, it would find the "meager" evidence wholly insufficient to support an award.

STACY, C. J., and WINBORNE, J., concur in dissent.