W. P. BENNER AND WIFE, BETTIE F. BENNER v. J. S. PHIPPS AND C. J. McDONALD, SHERIFF OF MOORE COUNTY.

(Filed 15 June, 1938.)

1. **Evidence § 6—**

Ordinarily, the burden of proof is on the party asserting the affirmative of the issue.

2. **Bankruptcy § 9—Bankrupt has burden of proving that creditor's claim was included in schedule or that he had actual knowledge of proceedings.**

This action was instituted by debtor who had been discharged in bankruptcy to perpetually enjoin the issuance of execution on a judgment upon his allegations that his schedule in bankruptcy had been amended to include the judgment in time for the creditor to prove his claim and notice thereof issued to the creditor, and that the creditor had actual knowledge of the bankruptcy proceedings in time to have proved his claim. *Held:* The burden of proof on the issue of the amendment of the schedule and on the issue of the creditor's actual knowledge was properly placed on the debtor, since he alleged the affirmative on both issues. Ch. 3, sec. 17 (a), subsec. 3, Act of Congress of 1898 (30 Stat. L., 550).

APPEAL by the plaintiffs from *Phillips, J.,* at February Term, 1938, of MOORE. No error.

*H. F. Seawell, Sr., for plaintiffs, appellants.*
*M. G. Boyette and Sapp & Sapp for defendants, appellees.*

SCHENCK, J. This is an action to perpetually enjoin the defendants from procuring execution to levy on the property of the plaintiffs by virtue of a judgment obtained by the defendant Phipps against the plaintiffs. It is alleged by the plaintiffs, and all of the evidence tends to prove, that the defendant Phipps obtained judgment in Guilford

County against the plaintiffs for $496.95 in April, 1929, and that said judgment was docketed in Moore County in May, 1929; that the plaintiffs filed voluntary petitions in bankruptcy in October, 1929, and in April, 1930, were discharged in bankruptcy. Plaintiffs allege that the judgment of the defendant Phipps was inadvertently omitted from the original schedule of creditors filed in the bankrupt court by the plaintiffs, but that subsequently the schedule was amended so as to include said judgment and notice thereof was duly given to the defendant Phipps, and that defendant Phipps had actual knowledge of the proceedings in bankruptcy in time to file his claim. The defendant Phipps denies that the schedule of creditors was ever amended so as to include his judgment against the plaintiffs and that notice thereof was given to him, and also denies that he had actual knowledge of the proceeding in bankruptcy in time to file his claim.

The issues submitted and answers made thereto were as follows:

"1. Were the plaintiffs discharged in bankruptcy after defendant's provable claim was due and owing by the plaintiffs to the defendants, as alleged? Answer: 'Yes.'

"2. Was the schedule in said bankruptcy proceedings so amended as to include the claim of the defendant J. S. Phipps in time for him to have proved his claim and notice thereof issued to the defendant J. S. Phipps, as alleged? Answer: 'No.'

"3. Did the defendant J. S. Phipps have actual knowledge of the bankruptcy proceeding involved in time to have proved his claim, as alleged? Answer: 'No.'"

The first issue was answered by consent.

The plaintiffs, appellants, assail by exceptive assignments of error the charge of the court for the reason that it placed upon them the burden of proof on the second and third issues. We are of the opinion, and so hold, that these assignments of error cannot be sustained.

Chapter 3, section 17a, subsection (3), of the Act of Congress of 1898 (30 Stat. L. 550), is as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as 1. (not here material). 2. (not here material). 3. Have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy, or 4. (not here material)."

As to the second issue: The plaintiffs admit that the defendant Phipps' judgment was omitted from their original schedule but allege that said original schedule was so amended as to include said judgment, and that notice was duly given to said Phipps. This allegation was denied by the defendants.

"It is a fundamental rule of evidence that the burden is on the party who asserts the affirmative of the issue. *Walker v. Carpenter,* 144

N. C., 674; *Poindexter v. Call,* 182 N. C., 366. The burden of the issue, that is, the burden of proof in the sense of establishing the issue as distinguished from the act of going forward and producing evidence, does not shift from one party to the other. *Cotton Oil Co. v. R. R.,* 183 N. C., 95; *Speas v. Bank,* 188 N. C., 524; *Hunt v. Eure,* 189 N. C., 482. This is not a case in which the subject matter of a negative averment is peculiarly within the knowledge of the opposing party. *Hosiery Co. v. Express Co.,* 184 N. C., 478." *Stein v. Levins,* 205 N. C., 302, 306.

As to the third issue: This issue presents the question as to whether the plaintiffs have brought the defendant Phipps within the last provision in the third exception of the general law by establishing that he had actual knowledge of the proceedings in bankruptcy in time to have proved his claim. Again the allegation is made by the plaintiffs and the rule that the burden of proof is upon him who asserts the affirmative of the issue is applicable.

In *Hill v. Smith,* 260 U. S., 592 (67 L. Ed., 419), in reference to the section of the Federal statute above quoted, it is said: "We agree with the court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor's name from his schedules, he must prove the facts upon which he relies."

We have examined the other exceptions to the charge and to the admission and exclusion of evidence and find no reversible error.

The judgment below declaring the judgment of the defendant Phipps against the plaintiffs to be "in full force and effect to the same extent as if W. P. Benner and Bettie F. Benner, his wife, had not heretofore been adjudicated bankrupt," and dissolving and vacating the restraining order theretofore issued, must be affirmed, since on the record we find

No error.