DEVIN, J., concurring.
BARNHILL, J., dissenting.
STACY, C. J., and WINBORNE, J., concur in dissent.
The hearing Commissioner, T. A. Wilson, Chairman, heard the evidence, found the facts and made an award to plaintiff. Upon application for review from the hearing Commissioner, the Full Commission rendered the following opinion and order:
"Opinion for the Full Commission by Pat Kimzey, Commissioner.
"This cause was reviewed by the Full Commission on April 16, 1941.
"Appearances: Charles J. Bloch, Attorney, 614-18 Georgia Casualty Building, Macon, Ga., for plaintiff. W. C. Ginter, Attorney, Charlotte, N.C. for defendants.
"This case came on for review and was heard by the Full Commission at Raleigh, North Carolina, on April 16, 1941.
"The Full Commission has carefully considered the briefs filed and the able arguments made by counsel for both plaintiff and defendants, and after so doing the Full Commission adopts as its own and in all *Page 538 
respects approves and affirms the findings of fact of Hearing Commissioner Wilson and makes the following additional.
"Findings of Fact: A. That plaintiff's deceased sustained an injury by accident arising out of and in the course of his employment with the defendant employer resulting in his death while he was employed elsewhere than in the State of North Carolina. B. That the contract of employment of plaintiff's deceased and defendant employer was made in the State of North Carolina, and that the defendant employer's place of business is in the State of North Carolina. The Full Commission adopts as its own and in all respects approves and affirms the conclusions of law of the Hearing Commissioner and in addition thereto makes the following:
"Conclusions of Law:
"1. Section 36 (8081 [rr]) of the North Carolina Workmen's Compensation Act reads, in part, as follows: `Where an accident happens while the employee is employed elsewhere than in this State which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State.'
"The only question in this case which is seriously controverted is whether or not the contract of employment of plaintiff's deceased was expressly for service exclusively outside of the State of North Carolina. The defendants contend that said contract of employment was expressly for service exclusively outside of the State; while the plaintiff contends that said contract was not expressly for service exclusively outside the State.
"The evidence adduced at the hearing tends to show that the plaintiff's deceased had worked exclusively outside the State of North Carolina since he had been employed by the defendant employer. This evidence further tends to show that plaintiff's deceased was originally employed to perform work which had been previously performed by another employee who worked exclusively outside the State of North Carolina. However, in the opinion of the Full Commission the fact that an employee worked exclusively outside the State of North Carolina, or that he filled the position which had previously been occupied by a person working exclusively outside the State of North Carolina, is not the test as to whether or not the North Carolina Industrial Commission has jurisdiction in cases of this nature. The clause pertaining to this matter as included in Section 36 is clear and reads as follows: `. . . provided his contract of employment was not expressly for service exclusively outside of the State.' *Page 539 
"The evidence adduced at the hearing, elicited from a defendants' witness, the sales manager for the defendant employer, tends to show that plaintiff's deceased was employed verbally to work for the defendant employer and that for the time being he was assigned to territory outside of the State of North Carolina, but that being a resident of North Carolina he was looking forward to performing that same type of work in the State of North Carolina, and had even gone so far as to state that he would like to work in North Carolina, and the defendant employer, through its Sales Manager, had at least intimated and implied to said plaintiff's deceased that he would be assigned a North Carolina territory when a vacancy occurred. Therefore, it appears from the evidence, meager though it may be, that the contract of employment between plaintiff's deceased and the defendant employer was not expressly for service exclusively outside the State of North Carolina.
"The defendants contend that this evidence is not competent, basing their contentions undoubtedly on paragraph 1795 of the North Carolina Code of 1939. However, in the case at bar this testimony was elicited from a witness for the defendants and was adverse to the interest of said defendants. Therefore, it is the opinion of the Full Commission that said testimony in the manner and form and under the circumstances it was adduced is competent. However, this appears to be more or less an academic question in this case if Section 36 of the Workmen's Compensation Act is closely examined.
"It is a well-established rule that, generally speaking, the burden is on the plaintiff to show by the preponderance of the evidence that he is entitled to compensation under the provisions of the Act. However, in reading Section 36, it is noticed that the requirements that the contract of employment was made in this State, the employer's place of business is in this State, and the residence of the employee is in this State are all affirmative requirements, and that therefore, the burden is placed upon the plaintiff to show that those requirements are met if the North Carolina Industrial Commission is to have jurisdiction in said case. However, the phrase or clause immediately following the affirmative requirements has the following verbiage: `. . . Provided his contract of employment was not expressly for service exclusively outside of the State.'
"This appears, therefore, to be a negative requirement following the affirmative provisions and it is the opinion of the Full Commission that the burden of showing by the greater weight of evidence that the contract of employment was not expressly for service exclusively outside the State of North Carolina would rest on the defendants, and therefore, that even if the record was absolutely silent as to this last negative phrase, that the plaintiff would be entitled to compensation if he had *Page 540 
met all of the affirmative provisions in this section. This thought and reasoning is at least implied in the case of Reaves v. Mill Company,216 N.C. 462, in which Justice Seawell in writing the majority opinion states as follows:
"`The North Carolina Workmen's Compensation Act, Chapter 120, Sec. 36, Public Laws of 1929, provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of the employee is in this State; . . ." In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction.'
"It is noted that Justice Seawell in enumerating these jurisdictional provisions does not mention anything concerning the negative provisions in reference as to whether or not the contract of employment was not expressly for services exclusively outside the State. Justice Clarkson dissenting in the same case above quotes uses in connection with the conditions which would give the North Carolina Industrial Commission jurisdiction practically the same language as Justice Seawell on page 467 of N.C. 216.
"The defendants contend and cite the case of Wilson v. Clement Co.,207 N.C. 541, as authority for their contentions that the hearing Commissioner should be reversed. The Full Commission can see very little, if any, connection between the two cases. The defendants further citeReaves v. Mill Co., 216 N.C. 462, as authority to support the contention that the North Carolina Industrial Commission does not have jurisdiction in the case at bar. This case does involve jurisdictional questions, but the Full Commission was reversed on entirely different conditions than those which arise in the case at bar. Therefore, the Full Commission concludes as a matter of law that the contract of employment of plaintiff's deceased was made in the State of North Carolina; that the employer's place of business was in the State of North Carolina; that the residence of the employee was in the State of North Carolina, and that said contract of employment was not expressly for service exclusively outside the State of North Carolina.
"Counsel for the plaintiff appearing before the Full Commission made a verbal motion that the plaintiff's attorney's fees for appearing before the Full Commission be taxed as a part of the costs against the *Page 541 
defendants under the provisions of Section 62 of the Workmen's Compensation Act. The Full Commission is of the opinion that the question of whether or not plaintiff's deceased in the case at bar was expressly employed to work exclusively outside the State of North Carolina is a debatable one, and the question is one which under the same circumstances of this case has neither been decided by the Full Commission nor the Courts of North Carolina and, therefore, that the defendants should not be penalized by asking that said case be reviewed by the Full Commission. Therefore, plaintiff's motion that the attorney's fees for appearing before the Full Commission be taxed as a part of the costs against the defendants is denied.
"Award: The Full Commission adopts as its own and in all respects approves and affirms the award of hearing Commissioner Wilson. The defendants will pay all hearing costs. Pat Kimzey, Commissioner. Examined and approved: T. A. Wilson, Chairman, Buren Jurney, Commissioner — 4/29/41. Certified copy: J. S. Massenburg, Secretary."
"An appeal having been taken in the above entitled cause by the defendants, through their attorney, W. C. Ginter, the case having been heard by the North Carolina Industrial Commission, and in pursuance of the certificate of J. S. Massenburg, Secretary of the North Carolina Industrial Commission, under date of June 2, 1941, said defendants hereby file the said certificate and attached transcript of evidence and complete record in accordance with the statute, and request that the same be docketed for trial in the Superior Court of Forsyth County in accordance with the law. This the 4th day of June, 1941. F. M. Bohannon, Inc., and Maryland Casualty Company. By: W. C. Ginter, Attorney for Defendants."
The judgment of the Superior Court is as follows: "This cause being heard in due course, at the September 1941 Term of the Court, on the appeal of the defendants from an Award of the North Carolina Industrial Commission in favor of the Claimant, Mrs. Louise Norrell Mallard, and after hearing arguments of counsel for the Claimant and of counsel for the defendant insurance carrier, and the Court being of the opinion that the award of the North Carolina Industrial Commission in favor of the Claimant should be in all respects affirmed: It is, Therefore, Ordered, Adjudged and Decreed that the award of the North Carolina Industrial Commission is in all respects affirmed, said award being that the defendants pay to the Claimant, Mrs. Louise Norrell Mallard, compensation at the rate of $18.00 per week, beginning as of September 26, 1940, and continuing until $6,000 is paid, less $200.00 burial expense, which shall be paid to the proper parties and that the defendants pay the medical expenses, if any were incurred, and the costs of the hearing before the North Carolina Industrial Commission. It is Further *Page 542 
Ordered that the costs of this appeal be taxed against the defendants. Wilson Warlick, Judge Presiding."
To the foregoing judgment and the signing of the same, the defendants, and each of them, in open court, excepted, assigned error, and appealed to the Supreme Court of North Carolina
The defendants excepted and assigned as error: "That the Court erred in its findings of fact and conclusions of law in signing the judgment, as appears of record." We cannot so hold.
The other exceptions and assignments of error, as to the incompetency of evidence, cannot be sustained. If error, it was not prejudicial. There was sufficient competent evidence to sustain the finding of the Industrial Commission and the conclusions of law we think are correct.
In Buchanan v. Highway Com., 217 N.C. 173 (174-5), Devin, J., for the Court, says: "Under the North Carolina Workmen's Compensation Act, dealing with the matter of compensation for injuries due to the hazards of industry, both the duty and the exclusive authority to find the facts relative to controverted claims are vested in the Industrial Commission, and it is provided by section 60 of the Act that upon review the award of the Commission shall be conclusive and binding as to all questions of fact. In accord with this statutory provision it has been uniformly held by this Court that, when supported by competent evidence, the findings of fact by the Industrial Commission are conclusive on appeal, and are not subject to review by the Superior Court or the Supreme Court. . . . (citing authorities). The only exception to this rule is where the jurisdiction of the Industrial Commission is challenged. . . . (citing authorities). The powers of the Superior Court with reference to appeals from the Industrial Commission are pointed out in Tindall v. Furniture Co., 216 N.C. 306" (citing authorities).
Section 36 of the Workmen's Compensation Act (Consolidated Statutes, 8081 [rr]), provides: "Where an accident happens while the employee is employed elsewhere than in this State, which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, (a) if the contract of employment was made in this State, (b) if the employer's place of business is in this State, and (c) if the residence of the employee is in this State; provided his contract of employment was not expressly for service exclusively outside of the State." (Letters inserted — italics ours.)
As is admitted in the second paragraph on page 2 of appellants' brief, the three conditions set forth in Section 36 above quoted are met by *Page 543 
claimant in this case: (a) the contract of employment was made in North Carolina; (b) the employer's place of business is in North Carolina; and (c) the residence of the employee was in North Carolina.
In Reaves v. Mill Co., 216 N.C. 462 (465), this Court stated: "In so far as it depends upon the statute alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give the jurisdiction." Brooks v. CarolinaRim Wheel Co., 213 N.C. 518.
In 71 Corpus Juris, sec. 724, in part, at p. 960, it is said: "Where the Act extends the jurisdiction of the Commission to injuries suffered outside the State under a contract of employment made in the State, unless the contract otherwise provides, the Commission has jurisdiction of an injury incurred outside the State where the contract of employment was made in the State and it appears that there was acceptance of the terms of the Act by the parties."
The finding of the Industrial Commission that from the competent evidence the plaintiff was entitled to recover, bring up, we think, the only serious question.
The proviso to the Act is: "Provided his contract of employment was notexpressly for service exclusively outside of the State." The burden is on the defendants to bring themselves within the proviso.
In S. v. Davis, 214 N.C. 787 (793), it is written: "It has long been settled in this State that although the burden of establishing the corpusdelicti, is upon the State, when defendant relies upon some independent, distinct, substantive matter of exemption, immunity or defense, beyond the essentials of the legal definition of the offense itself, the onus of proof as to such matter is upon the defendant. S. v. Arnold, 35 N.C. 184; S. v.McNair, 93 N.C. 628; S. v. Buchanan, 130 N.C. 660; S. v. Smith,157 N.C. 578. In discussing this phase of the law in S. v. Connor,142 N.C. 700, Hoke, J., says: `It is well established that when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by a subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negatived in the indictment, nor is proof required to be made in the first instance on the part of the prosecution. . . . In such circumstances, a defendant charged with the crime who seeks protection by reason of the exception, has the burden of proving that he comes within the same. S. v.Heaton, 81 N.C. 543; S. v. Goulden, 134 N.C. 743,'" citing many authorities. S. v. Carpenter, 215 N.C. 635 (639). *Page 544 
In Haywood v. Ins. Co., 218 N.C. 736, we find: "The defendant's denial placed the burden on the plaintiff to prove his case by the greater weight of the evidence, and it was error for the trial judge to direct a verdict in favor of the plaintiff without leaving it to the jury to determine the credibility of the testimony. McIntosh, Practice Procedure, 632. `A familiar principle of practice forbids a directed instruction in favor of the party upon whom rests the burden of proof,' " citing many authorities.
In Jones v. Waldroup, 217 N.C. 178 (189), it is said: "But the burden is upon one who asserts an affirmative plea to establish it by appropriate proof. Benner v. Phipps, supra (214 N.C. 14); Everett v. Mortgage Co.,supra (214 N.C. 778); Mitchell v. Whitlock, 121 N.C. 166,28 S.E. 292; Mayo v. Jones, 78 N.C. 402."
The determination of the question of fact, whether "his contract of employment was not expressly for service exclusively outside of the State," was for the Industrial Commission — the fact-finding body.
Plaintiff's deceased, E. L. Mallard, was an employee of defendant, F. M. Bohannon, Inc. Its place of business was in North Carolina. E. L. Mallard and his wife had their domicile in North Carolina, and the contract of employment, which was oral, was made in North Carolina. F. M. Bohannon, Inc., had accepted the provisions of the Compensation Act and the Maryland Casualty Company was the carrier. Mallard met his death on 26 September, 1940, as the result of an accident arising out of and in the course of his employment. This made out a prima facie case. It was for the Industrial Commission to determine whether the defendants' evidence rebutted the primafacie case.
T. R. Thornton, then assistant sales manager, now sales manager of F. M. Bohannon, Inc., employed Mallard. He was a witness for defendants and testified: "Q. Mr. Thornton, the territory assigned to him (Mallard) was South Georgia and parts of North Florida? Ans.: Yes, sir. Q. He was subject to change of territory at any time the company decided it was to the company's best interest to change him, wasn't he? Ans.: Yes, sir. . . . Q. And he was subject to change of territory at any time that the F. M. Bohannon Company, Inc., or you as Mr. Mallard's superior officer, decided it was to the best interest of the company to change his territory? Ans.: Yes, sir. . . . I am Sales Manager for everything we have. I travel all the states we work." Thornton could have placed Mallard in North Carolina. F. M. Bohannon, Inc., had employees in North Carolina whose duties were similar to those of Mallard. Thornton testified further: "Q. You'd have the right to tell Mr. Mallard you wanted him to go to North Carolina or Virginia, subject to the home office's approval? Ans.: With the permission of the home office, yes, sir." *Page 545 
The inference is permissible that the home office would do what Thornton recommended, as he had employed Mallard and was high in authority. We think all this evidence competent on the question involved in the proviso. The Commission had sufficient competent evidence to find the facts, this is not our province to weigh and determine the facts. There are different statutes in different states and the decisions, on that account, can be of little help. In order to avoid liability, under the facts of this case, the insurance carrier would have had to prove that Mallard's contract of employment was expressly for services exclusively outside the State. The evidence is sufficient to support a contrary conclusion. It is shown by the evidence that under the contract of employment, the employer could have moved plaintiff's deceased, E. L. Mallard, at any time to any place in Thornton's territory, which territory embraced the State of North Carolina.
The arguments and briefs of the litigants were able and thorough, and covered every aspect of the case; but on the record we think the judgment of the court below should be
Affirmed.