I respectfully dissent.
Defendant has filed a timely motion requesting that the Commission receive further evidence consisting of medical records. Counsel confirmed in oral argument that these records involve a morphine pump, which Dr. Tomaszek has prescribed or plaintiff has received. (This fact is also apparent from plaintiff's Form 33, filed 10 February 1998, requesting a hearing on the ground that defendant refused to approve a morphine pump). The additional evidence would support defendant's position that the dorsal column stimulator was not reasonably necessary to give relief to plaintiff, in light of its cost, as well as its short-term, and questionable, effectiveness. Dr. Tomaszek's testimony regarding the traditional scenario for this device may be confirmed in this case: ". . . a stimulator is put in, stimulator is successful, stimulator scars, stimulator is abandoned, [a morphine] pump is put in."
The Commission has the authority and obligation to receive further evidence when the due administration of justice so requires. N.C. Gen. Stat § 97-85; Tindall v. AmericanFurniture Co., 216 N.C. 306, 311, 4 S.E.2d 894, 897 (1939). The majority refuses to reopen the record to consider evidence which plaintiff concedes is material and relevant and was not available when the record before the Deputy Commissioner was closed. I believe defendant's motion should be allowed.
In my opinion, the majority overstates the "uncontradicted" nature of the medical evidence that the dorsal column stimulator provided significant relief to plaintiff. Dr. Tomaszek carefully stated that ". . . there has never been a time when a properly placed non-scarred stimulator has not provided [plaintiff] significant pain relief." The course of plaintiff's treatment shows, however, that the device was seldom properly placed, with the battery charged and the tissue non-scarred.
The facts of this case do not support an award of attorney's fees under section 97-88.1. Defendant justifiably refused to pay for a controversial, expensive, and invasive medical procedure which appears to have failed to provide any significant relief to plaintiff.
For these reasons, I respectfully dissent.
 S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER